# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: PLAVIX MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION (NO. II)**                    MDL No. 2418

## TRANSFER ORDER

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in the sixteen actions listed on Schedule A, all of which are pending in the Northern District of California, move to vacate our orders conditionally transferring the actions to the District of New Jersey for inclusion in MDL No. 2418. Responding defendants oppose the motions.[1]

I.

When we created this MDL following our January 2013 hearing session, we denied, without prejudice, transfer of eleven of the sixteen actions again before us now.[2] *See In re: Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, — F. Supp. 2d —, 2013 WL 565971, at *3 (J.P.M.L. Feb. 12, 2013). Those eleven actions were removed on diversity grounds as well as on the grounds that they were "mass actions" as defined in the Class Action Fairness Act (CAFA). *See* 28 U.S.C. § 1332(d)(11). In all eleven actions (as well as four actions – *Vanny*, *Arnold*, *Belinda*, and *Ahrenberg* – now also before us), remand motions were, and still are, pending. In opting not to transfer those actions at that time, we cited subsection 1332(d)(11)(B)(i) of CAFA, which provides: "Any action(s) removed to Federal court pursuant to this subsection shall not thereafter be transferred to any other court pursuant to section 1407, or the rules promulgated thereunder, unless a majority of the plaintiffs in the action request transfer pursuant to section 1407." *See Plavix II*, 2013 WL 565971, at *3. No party had briefed the CAFA issue to us, and we determined, at that time, that the better course was to await rulings by the putative transferor judges on the pending remand motions. Following the issuance of our decision, however, Bristol-Myers withdrew, in each of the eleven actions and also in the essentially identical *Vanny*, *Arnold*, *Belinda*, and *Ahrenberg* actions, the mass action ground from its notices of removal. Following that, the various judges assigned to these cases stayed them pending our decision on plaintiffs' motions to vacate.

---

[1]    Responding defendants are Bristol-Myers Squibb Company (Bristol-Myers) as to all sixteen actions, and Sanofi-Aventis U.S. LLC, Sanofi-Aventis U.S. Inc., and Sanofi-Synthelabo, Inc., as to the nine actions in which they are also named.

[2]    The *Vanny*, *Arnold*, *Belinda*, *Arenberg*, and *Norisse* actions were not included in the initial motion for centralization. The Panel was notified of the pendency of these five actions after the filing of that motion.

I HEREBY CERTIFY that the above and
foregoing is a true and correct copy
of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By_____
                    Deputy Clerk

- 2 -

In opposing transfer, plaintiffs in this total of fifteen actions – that is, the actions removed on diversity and mass action grounds – argue, *inter alia*, that Bristol-Myers' withdrawal of the mass action ground as a basis for removal does not alter the fact that their actions were removed on that basis. We find this argument unpersuasive. As we recently explained, as we have now had the opportunity to delve into this issue in-depth, and we have concluded, following substantial reflection, that subsection 1332(d)(11)(B)(i) does not bar transfer where the action has been removed on one or more other grounds. *See In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, — F. Supp. 2d —, 2013 WL 1635469, at \*4 (J.P.M.L. Apr. 17, 2013) ("After both consideration of all argument of counsel and substantial and thorough reflection regarding this issue, we find that Section 1332(d)(11)(C)(i) does not prohibit Section 1407 transfer of an action removed pursuant to CAFA's mass action provision so long as another ground for removal is asserted."). Furthermore, plaintiffs have cited no authority holding that a party is estopped from renouncing a ground cited in its notice of removal. Indeed, the authority is to the contrary. *See U.S. v. Woods*, 364 F.3d 1000, 1001 (8th Cir. 2004) ("A party is always free to abandon an argument in litigation."); *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 (1st Cir. 1999) ("There are plenty of cases 'where a party is free to assert a position from which it later withdraws.'") (quoting *Desjardins v. Van Buren Community Hosp.*, 37 F.3d 21, 23 (1st Cir.1994)).

II.

Unlike plaintiffs in the other fifteen actions, the *Norisse* plaintiff does not raise a CAFA argument, as her action was removed solely on diversity grounds. Rather, she argues, *inter alia*, that the transferee court will lack personal jurisdiction over her if her case is transferred, and that she will be unable to travel to the transferee district for personal reasons. It is well-settled, however, that, "[i]n considering transfer under Section 1407, the Panel is not encumbered by considerations of in personam jurisdiction." *In re: Helicopter Crash Near Wendle Creek, British Columbia, on Aug. 8, 2002*, 542 F. Supp. 2d 1362 (J.P.M.L. 2008). And, as we frequently have observed, a plaintiff in a transferred action typically will not need to travel to the transferee district for depositions or otherwise. *See, e.g.*, *In re Baldwin-United Corp.*, 581 F. Supp. 739, 740 (J.P.M.L. 1984).

III.

After considering all argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with actions in this litigation previously transferred to MDL No. 2418, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our original order directing centralization. In that order, we held that the District of New Jersey was an appropriate Section 1407 forum for actions "shar[ing] factual issues arising from allegations that the Bristol–Myers and Sanofi defendants falsely touted Plavix as providing superior cardiovascular benefits to those of aspirin, and knew or should have known, misrepresented, or failed to disclose various serious risks of taking Plavix (*e.g.*, heart attack, stroke, internal bleeding, or death)." *Plavix II*, 2013 WL 565971, at \*2-3. Moving plaintiffs do not dispute that their actions share multiple factual issues with the actions already in the MDL.

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the District of New Jersey, and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

**IN RE: PLAVIX MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION (NO. II)**                    MDL No. 2418

## SCHEDULE A

Northern District of California

Sandra L. Kinney, et al. v. Bristol-Myers Squib Company, et al., C.A. No. 3:12-04477
Bennie Burman, et al. v. Bristol-Myers Squib Company, et al., C.A. No. 3:12-04478
Wauneta Raynor, et al. v. Bristol-Myers Squib Company. et al., C.A. No. 3:12-04615
George Robinson, et al. v. Bristol-Myers Squibb Company, et al., C.A. No. 3:12-04616
Iris Meeks, et al. v. Bristol-Myers Squibb Company, et al., C.A. No. 3:12-04617
Jack Morgan Olmstead, et al. v. Bristol-Myers Squib Company, et al., C.A. No. 3:12-04619
George Dillard, et al. v. Bristol-Myers Squib Company, et al., C.A. No. 3:12-04633
Virgil Walden, Jr., et al. v. Bristol-Myers Squibb Company, et al., C.A. No. 3:12-04641
Damon Kaluza, Sr., et al. v. Bristol-Myers Squibb Company, et al., C.A. No. 3:12-04642
Vertus Corkerin, et al. v. Bristol-Myers Squibb Company, et al., C.A. No. 3:12-04803
James T. Aiken, et al. v. Bristol-Myers Squib Company, et al., C.A. No. 3:12-05208
Ravy Vanny, et al. v. Bristol-Myers Squib Company, et al., C.A. No. 3:12-05752
Michael A. Arnold, et al. v. Bristol-Myers Squib Company, et al., C.A. No. 3:12-06426
John Belinda, et al. v. Bristol-Myers Squib Company, et al., C.A. No. 4:12-05941
Irving K. Arenberg, et al. v. Bristol-Myers Squib Company, et al., C.A. No. 4:12-06207
Karima Norrise v. Kaiser Foundation Hospitals & Health Plan, Inc., et al.,
          C.A. No. 3:12-06456